UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-534-JBC**

**MARY CHAPMAN,** **PLAINTIFF,**

**V.** **O R D E R**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income benefits.  Upon cross-motions for summary judgment (DE 7, DE 8), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 10).  The plaintiff has filed objections to the Report and Recommendation (DE 11).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*.  28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report on two grounds: (1)

that the Magistrate Judge erred in finding that the Administrative Law Judge (ALJ) impliedly adopted, and therefore did not need to explain his rejection of, the opinion of consulting psychologist Geraldo C. Lima, Ph.D., and (2) that he also erred in concluding that Dr. Lima's report did not add weight to the plaintiff's claim of disability.

Review of the ALJ's decision to deny disability benefits is limited to determining whether substantial evidence exists to support the denial decision and whether the Secretary properly applied applicable legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Richardson v. Perales*, 402 U.S. 389 (1971). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

Where an ALJ makes a residual functional capacity ("RFC") determination that conflicts with a medical source opinion, the ALJ "must explain why the opinion was not adopted." Soc. Sec. Ruling 96-8p. The plaintiff argues that the ALJ failed to satisfy this requirement because he did not explain his reasons for not adopting Dr. Lima's opinion.

Dr. Lima observed that the plaintiff had "some memory difficulties," "did not do very well on the concentration task," "was able to attend properly to the interview and was able to concentrate sufficiently well on her answers so as to

make them meaning full [sic] with respect to the questions asked." AR 316. Dr. Lima gave the plaintiff a good prognosis because her symptoms were mild and she was receiving treatment for them. *Id.* Dr. Lima detailed the results of the examination as follows:

> the patient has an Anxiety Disorder NOS. The patient is able to understand simple instructions and has some minimal difficulty in recalling that information. She isnot [sic] able to concentrate reasonably well and is not likely to be able to complete tasks in a normal amount of time. She is interpersonally appropriate and is likely to do well in social contexts. Moreover, in spite of her anxiety, she is likely to be able to cope well with pressures and stressors such as those found in typical work settings.

*Id.* at 316-17. In his summary, Dr. Lima concluded:

> the patient is able to understand instructions and will not have trouble recalling those instructions. She is not able to complete tasks in a normal amount of time and is likely to do well with supervisors and co-workers. She is able to manage stressors typically found at work.

*Id.* at 317.

Assessing the plaintiff's RFC, the ALJ found that the plaintiff

> is moderately limited in the ability to: perform activities within a schedule; work in proximity to others without being distracted by them; and interact appropriately with the general public. However, she has the mental capacity to: understand and recall simple work instructions; complete simple, routine, and repetitive work tasks without excessive productivity demands; tolerate co-workers and supervisors; and adapt to routine changes in the work environment.

*Id.* at 22. The court finds that the ALJ's RFC does not conflict with Dr. Lima's opinion; the ALJ's conclusion accounts for the plaintiff's limitations with respect to

3

memory, efficiency, and social situations. Therefore, the ALJ was not required to provide any explanation with regard to Dr. Lima's report under SSR 96-8p.

The plaintiff also objected to the Magistrate Judge's comment in a footnote that Dr. Lima's opinion did not add any weight to her disability claim. Because the court finds that Dr. Lima's opinion was fully credited in the ALJ's assessment of the plaintiff's RFC, whether Dr. Lima's opinion supports or contradicts her alleged disability is irrelevant, because in any event the ALJ's determination that the plaintiff was not disabled is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 10) is **AFFIRMED** and is **ADOPTED** as this court's opinion.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

Signed on September 2, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY